IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM STRATTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-8011 |
| | ) |
| MERRILL LYNCH PIERCE FENNER & SMITH, INC. | ) Judge Charles R. Norgle, Sr. |
| | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

The Plaintiff, William Stratton, through his attorneys, hereby moves this Court to remand this case back to the Circuit Court of Cook County, Illinois because the federal courts do not have subject-matter jurisdiction over the action. Subject-matter jurisdiction is lacking because the amount in controversy does not exceed $75,000, nor does the claim involve a federal question. In support of this motion to remand, the Plaintiff states as follows:

1. The Plaintiff brought this action in the Circuit Court of Cook County, Illinois alleging the Defendant violated his civil rights when it wrongfully inquired into his arrest record and used such a record as a basis for terminating his employment in violation of Section 2-103 of the Illinois Human Rights Act, 775 ILCS § 5/2-103. That civil rights violation brought pursuant to Illinois law is the only claim alleged in the Complaint.

2. For relief, the Plaintiff specifically requested damages in the amount of $20,000 for lost wages and $50,000 for compensatory damages. [Dkt # 1, Notice of Removal, Complaint p. 5, Request for Relief, ¶¶ a and b]

3. The Defendant filed a Notice of Removal on November 10, 2011, removing the Plaintiff's state law claim to this federal court on the grounds that this Court had jurisdiction

under the provisions of 28 U.S.C. § 1332. It claimed there was complete diversity between the Plaintiff and Merrill Lynch and the amount in controversy exceeds $75,000.

4. While the Plaintiff does not dispute that complete diversity exists between the parties, the face of the Complaint demonstrates that the amount in controversy does not exceeds $75,000. To the contrary, the Complaint specifically requests an amount less than $75,000 in its prayer for relief.

5. Notwithstanding that the Complaint requests less than $75,000, the Defendant nevertheless suggests that a plausible, good faith estimate is all that is required to establish the amount in controversy. [Dkt # 1, Notice of Removal, ¶ 7] Defendant's estimate, however, is unwarranted because the Complaint actually pleads the specific amount sought from the Defendant and the tendering of an amount less than $75,000 will end the litigation. *See, Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998)(If the defendant can extinguish the plaintiff's entire claim by tendering $75,000 or less at the outset, then the amount "in controversy" does not exceed $75,000.)

6. Nor can the Defendant meet the jurisdictional minimum amount by resting on the Plaintiff's request for attorneys' fees. While there is no doubt that continuing litigation will propel the fees past the jurisdictional threshold, particularly if Defendant continues to file pleadings with little or no merit, the amount in controversy is established at the time the Complaint is filed, not subsequent events. *See, Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001), *citing, Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d at 958-59. Thus, the Defendant must show that the attorney's fees incurred prior to the filing of the lawsuit exceeded $5,001.00 in order to push the amount claimed past the jurisdictional minimum set

forth in 28 U.S.C. § 1332. Defendant has not even attempted to make such a showing in its Notice of Removal, nor can it.

7. Accordingly, except for broad, conclusory statements, the Defendant has failed to meet its burden of showing that the amount "in controversy" exceeded $75,000 at the time the Complaint was filed. Diversity jurisdiction, therefore, cannot be invoked pursuant to 28 U.S.C. § 1332 to support removal of the action from the Circuit Court of Cook County.

8. Alternatively, the Defendant states, without any legal support or argument, that this Court has original jurisdiction pursuant to 42 USC § 1331 because the controversy involves a federal question to the extent that Plaintiff's state law claims are pre-empted by Section 19 of the Federal Deposit Insurance Act. [Dkt # 1 Notice of Removal, ¶ 8]

9. Federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general matter, a cause of action only arises under the laws of the United States if a federal question is presented on the face of the plaintiff's properly pleaded complaint. This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).

10. Plaintiff's claim set forth in the Complaint does not present a federal question because it is based entirely on Section 2-103 of the Illinois Human Right Act. 775 ILCS § 5/2-103. Accordingly, no federal question appears on the face of the Complaint to justify removal.

11. The Defendant, however, attempts to interject a federal question into Plaintiff's state law claim by arguing it is pre-empted by Section 19 of the Federal Deposit Insurance Act.

12. Since federal preemption is most commonly raised as a defense to a Plaintiff's state law claims, the federal issue does not appear on the face of the Plaintiff's complaint where this defense is raised. Therefore, a preemption defense ordinarily cannot be the basis for federal question jurisdiction to support removal to federal court. *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. 58, 63 (1987). Indeed, in *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court disallowed removal of a case stating "a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the Plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 386.

13. Only under very narrow circumstances where Congress has completely pre-empted a given area of state law is a defendant allowed to recharacterize a plaintiff's state law claim to a federal claim so that removal is proper. *Metropolitan Life Ins. Co.,* 481 U.S. at 66.

14. The Defendant cites absolutely no authority to suggest that the Federal Deposit Insurance Act was intended to completely preempt state law. Section 19, which is the only provision cited by the Defendant, states in relevant part:

> (A) any person who has been convicted of any criminal offense involving dishonesty or a breach of trust or money laundering, or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense, may not–
>
> > (i) become, or continue as, an institution-affiliated party with respect to any insured depository institution

15. Plaintiff's state law claim, on the other hand, is based on Defendant using his arrest record in making employment decisions in violation of Section 2-103 of the Illinois

Human Rights Act. Section 2-103 of the Act states:

> Arrest Record. (A) *Unless otherwise authorized by law*, it is a civil rights violation for any employer... to inquire into or to use the fact of an arrest... as a basis to refuse to hire,... discharge, discipline, tenure or terms, privileges or conditions of employment....[Emphasis added]

16. The doctrine of "complete preemption" is clearly inapplicable to the Plaintiff's claim because Section 2-103 of the Illinois Human Rights Act expressly limits its scope with the language "Unless otherwise authorized by law" Therefore, by its very terms, the Illinois Human Rights Act cannot be inconsistent with federal law because it expressly recognizes that another law, including federal law, may be a defense to the civil rights violation alleged.

17. Moreover, Section 19 is irrelevant to the Plaintiff's claims because it is expressly based on *convictions* while the Illinois Act is based on *arrests.* The two statutes, therefore, do not even involve the same subject-matter.

18. The Defendant's Notice of Removal is, therefore, improper because the Complaint does not seek damages in excess of $75,000 to satisfy the amount in controversy under 28 U.S.C. § 1332 nor is a federal question present to support jurisdiction under 28 U.S.C. § 1331. Accordingly, the case must be remanded back to the state court because this Court lacks subject-matter jurisdiction.

Wherefore, the Plaintiff, William Stratton, hereby requests that this Court remand the case to the Circuit Court of Cook County, Illinois because the federal courts lacks subject-matter jurisdiction over the claim. Plaintiff further requests that this Court grant him such further relief it deems just and proper, including awarding him his reasonable costs and attorney's fees incurred in connection with the improper removal of this case to federal court.

        WILLIAM STRATTON

        By: /s/ Marshall J. Burt
            One of her attorney

Marshall J. Burt, Esq.
Andrew J. Cohen, Esq.
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999 - telephone
(312) 456-0237 - facsimile

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Plaintiff, do hereby certify that on November 22, 2011, I caused a copy of the foregoing Motion to Remand Action to State Court to be electronically filed with the Clerk of the Northern District of Illinois of the United States District Court using the CM/ECF which will electronically serve the following attorneys of record.

Jack D. Rowe, jrowe@lathropgage.com
Angela M. Tsevis, atsevcis@lathropgage.com
Lathrop & Gage, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684

Bryan Clark
bclark@lathropgage.com
Lathrop & Gage
100 North Riverside Plaza, Suite 2200
Chicago, Illinois 60606

/s/ Marshall J. Burt